UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN E. LEBLANC

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 17-10332

Matthew F. Leitman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

### REPORT AND RECOMMENDATION
### CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 11)

**I.     PROCEDURAL HISTORY**

    A.     Proceedings in this Court

On February 2, 2017, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). This case was referred to the undersigned for all pretrial purposes by District Judge Matthew F. Leitman. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt. 10, 11). Plaintiff was awarded benefits based on a March 2014 application, which entitled plaintiff to benefits beginning from twelve months before her application, meaning from March 2013 forward. The only controverted issue in this matter is plaintiff's contention that she is entitled to benefits beginning in April 2012, based on an application submitted in April 2013.

1

B.     Administrative Proceedings

On April 18, 2013, plaintiff appointed attorney Bryan Sunisloe as her representative. (Tr. 62-64). Four days later, she filed an online application for period of disability and disability insurance benefits (DIB). (Tr. 10-11). On May 3, 2013, the Social Security Administration notified plaintiff that her application was incomplete because she failed to submit an Adult Disability Report (Form SSA-3368). (Tr. 13). She was advised, via letter from the Social Security Administration, that she must provide the missing information by May 18, 2013, or her claim would be denied. *Id*. According to plaintiff, it is undisputed that the Agency did not send plaintiff's representative a copy of the letter containing the above instructions. (Dkt. 10, p. 2; Tr. 13-14). Plaintiff states in her moving papers that her counsel delivered the Adult Disability Report to the Roseville district office on May 17, 2013. (Dkt. 10, p. 3). On May 20, 2013, the Social Security Administration issued a Notice of Disapproved Claim, explaining that plaintiff's DIB claim was denied because she had not submitted the mandatory Adult Disability Report. (Tr. 12, 14). The notice advised plaintiff that she could appeal the decision by submitting a Request for Reconsideration within 60 days. *Id*. It also stated:

> You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. You might lose benefits if you file a new application instead of filing an appeal. Therefore, if you

2

>disagree with this decision you should ask for an appeal within 60 days.

(Tr. 14). The same day the notice was issued, Mr. Sunisloe purportedly filed a Request for Reconsideration, stating that the denial was "contrary to the medical records." (Tr. 9, 190). Mr. Sunisloe also claims that he personally delivered the Adult Disability Report to the Roseville district office on May 17, 2013 (Pl. Br. 3), although that is not mentioned in the May 20, 2013 Request for Reconsideration. (Tr. 9, 190). According to the Commissioner, there is no record that the Social Security Administration received either the May 17, 2013 Adult Disability Report or the May 20, 2013 Request for Reconsideration.[1] Thus, the Commissioner maintains that the May 20, 2013 Notice of Disapproved Claim stands as the Commissioner's final decision on the April 2013 application, and there has been no further administrative action on that claim.

On March 5, 2014, plaintiff filed a new DIB application. (Tr. 24, 115-21). She reportedly did so "on advice of counsel," who was tired of waiting for a response to the Request for Reconsideration. (Pl. Br. 5). In her new application, plaintiff represented that "NO PREVIOUS APPLICATION HAS BEEN FILED WITH THE SOCIAL SECURITY ADMINISTRATION BY OR FOR ME." (Tr.

---

[1] The May 20, 2013 Request for Reconsideration does not appear in the record independently (that is, on the date it was filed). Rather, it appears to be attached to the November 23, 2015 request for reconsideration in support of the claim that benefits should be paid from April 2012 forward, rather than March 2013 forward. (Tr. 8-9, 190-191).

115). The Commissioner's rules prohibit claimants from having "two claims for the same type of benefits pending at the same time." Social Security Ruling (SSR) 11-1p, 2011 WL 3962767, at *2 (July 28, 2011); *see also* Program Operations Manual System (POMS) § 51501.001 (directing agency employees not to accept a new disability application when the claimant has a prior claim for the same type of benefits pending at any level of administrative review). According to the Commissioner, if the field office that accepted plaintiff's March 2014 application had discovered a pending Request for Reconsideration on the April 2013 application, then it would have stopped processing the new application and notified her that she must choose between "continu[ing] the pending appeal or withdraw[ing] the pending appeal and continu[ing] the new application." POMS § DI 51501.010.A. The Commissioner says that did not happen here because the agency had no record of a pending appeal.

On October 26, 2015, an administrative law judge (ALJ) issued a fully favorable decision after a hearing on plaintiff's March 2014 application. (Tr. 16-24, 25-50). At the hearing, the ALJ asked Mr. Sunisloe if there were any procedural issues for her to resolve and he replied that there were none. (Tr. 29). Plaintiff was awarded disability benefits retroactive to March 2013, in accordance with 20 C.F.R. § 404.621(a). On November 23, 2015, she requested reconsideration of the ALJ's decision, complaining that she "was only paid from

4

March 2013." (Tr. 189). On February 18, 2016, she re-filed her reconsideration request as a Request for Review of Hearing Decision/Order, arguing that her benefits should have been calculated based on the April 2013 application. (Tr. 6). The ALJ's decision became final on January 10, 2017, when the Appeals Council denied review. *See* 20 C.F.R. 404.981.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and this matter be **DISMISSED** for lack of subject matter jurisdiction.

## II. THE PARTIES' ARGUMENTS

As plaintiff explains in her brief, the sole issue in this appeal relates to whether the SSA should be held responsible for paying benefits based on the application for disability benefits filed on April 3, 2013, as opposed to the subsequent application filed on March 5, 2014. Plaintiff maintains that her attorney submitted the requisite information to process the application. According to plaintiff, the local office in Roseville, Michigan failed, omitted and neglected to process the application; accordingly, she was without any recourse other than to file a new application on or about March 5, 2014 seeking disability benefits. The ALJ found claimant to be disabled under sections 216(i) and 223(d) of the Social Security Act as of May 3, 2011. Accordingly, using the latter filing date, plaintiff

contends she has been deprived of eleven months of benefits.

Plaintiff avers that the record is replete with records corroborating her claim that an application was filed on April 3, 2013. Plaintiff points to a May 1, 2013 letter to Mr. Sunisloe acknowledging receipt of Form SSA 1695, which identifies information for possible direct payment of authorized fees, and indicating that the form had been processed.[2] (Dkt. 10, Pg ID 478). Plaintiff also relies on a letter she received from the Social Security Administration dated May 20, 2013 denying the application in further support of her contention that benefits should be paid based on the initial application. (Tr. 12, 14). In that letter, there was no reference to the Roseville office not having received the Adult Disability Report. *Id*. On receiving notice that the claim was being denied, plaintiff's counsel filed a Request for Reconsideration, dated May 20, 2013. (Tr. 9). When she did not receive a timely response to the Request for Reconsideration filed with the district office in Roseville, Michigan, on advice of counsel, plaintiff filed a new application on March 5, 2014. According to plaintiff, the issue in this case revolves around a bureaucratic failure to process the claim for benefits in a timely manner. Accordingly, plaintiff maintains that she should not be "penalized" due to the apparent ineptitude at the local district office.

---

[2] This letter is attached to plaintiff's brief, but does not appear in the Administrative Record on the Docket in this matter.

The Commissioner responds that plaintiff did not follow through with an administrative appeal of her April 2013 application; nor did she alert the ALJ to the existence of that application. (Tr. 29). Instead, she affirmatively disclaimed the existence of the prior application when she filed her new one. (Tr. 115). At all relevant times, she was represented by Mr. Sunisloe, who has offered no support (e.g., proof of mailing, receipts, or date stamps) for his assertion that he took the proper steps to preserve his client's appeal rights regarding the April 2013 application. *Tapco Products Co. v. Van Mark Products Corp.*, 446 F.2d 420, 429 (6th Cir. 1971) ("Unsworn, self-serving statements of counsel are not evidence."); *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) (Arguments in parties' briefs are not evidence.). Under the regulations, if plaintiff was unhappy with the Commissioner's May 20, 2013 denial, then her recourse was to file a Request for Reconsideration. (Tr. 14); 20 C.F.R. §§ 404.905, 404.907; *see also Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (to establish federal court jurisdiction to review the Commissioner's decisions, a claimant must exhaust her administrative remedies and there must be a final decision (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). While Mr. Sunisloe claims that he filed a Request for Reconsideration the same day, the Commissioner maintains that there is no record that he actually forwarded it to the agency. The Commissioner also points out that even if he did submit a timely Request for

Reconsideration, he never checked on the status of the appeal.  According to the Commissioner, to preserve his client's rights under the April 2013 application, he should have inquired about the status of the Request for Reconsideration, waited for a decision, and, if necessary, requested a hearing before an ALJ.  *See* 20 C.F.R. § 404.907.  Yet, Mr. Sunisloe did none of those things.  Instead, he advised his client to file a new application on March 5, 2014, despite the agency's warning that "filing a new application is not the same as appealing this decision," and plaintiff "might lose benefits if [she] file[s] a new application instead of filing an appeal." (Tr. 14); *see* SSR 11-1p, 2011 WL 3962767, at *2 ("If you want to file a new disability claim under the same title and of the same type as a disability claim pending at any level of administrative review, you will have to choose between pursuing your administrative review rights on the pending disability claim or declining to pursue further administrative review and filing a new application."). The Commissioner asserts that because plaintiff failed to exhaust her administrative remedies with respect to her April 2013 application, the Court lacks jurisdiction to order an award of benefits based on that application.  *See Pohlmeyer*, 939 F.2d at 320; see also 20 C.F.R. §§ 404.905, 404.907, 404.987(a).

  According to the Commissioner, the Court need not decide whether to credit plaintiff's version of the events surrounding her prior application, because she would not be entitled to relief even if all of her assertions were true.  By her own

8

admission, she filed a new application "on advice of counsel," instead of exhausting her administrative remedies with respect to the prior claim. If the Court chooses to entertain plaintiff's allegations, the Commissioner urges the Court not to accept them at face value. First, plaintiff claims that, after learning that her April 2013 DIB application would be denied if she did not submit an Adult Disability Report, her attorney "personally delivered the Adult Disability Report to the Roseville district office on May 17, 2013." (Pl. Br. 2-3). Yet, she offers no evidence to support that claim, and there is no record that she or her attorney ever followed up to verify that the Report was processed. Second, plaintiff claims that "there was no reference to the Roseville office not having received the Adult Disability Report" in the May 20, 2013 Notice of Disapproved Claim (Pl. Br. 5). That assertion is incorrect, as the notice stated that the claim had been denied for failure "to furnish the mandatory online 'Adult Disability Report.'" (Tr. 12). Third, according to plaintiff's brief, her attorney filed a Request for Reconsideration "[u]pon receiving notice that the claim was being denied." (Pl. Br. 5). The Request for Reconsideration is dated the same day as the notice itself—May 20, 2013—which means that the notice must have been mailed, received, forwarded to Mr. Sunisloe, and appealed in writing all in the span of a single day. (Tr. 9, 190). While that is technically possible, the Commissioner maintains that it is unusual enough to warrant further explanation. More

9

importantly, the Request for Reconsideration does not mention the Adult Disability Report that Mr. Sunisloe allegedly hand-delivered three days earlier (Pl. Br. 3), even though plaintiff's DIB application was denied because she had not submitted that Report. (Tr. 12). Given the agency's explicit statement that the application was denied for failure to "furnish the mandatory online 'Adult Disability Report'" (Tr. 12), the logical response would have been for Mr. Sunisloe to state that he had, in fact, submitted it. Instead, he filed a Request for Reconsideration stating only that the decision was "contrary to medical records." (Tr. 9, 190).

The Commissioner maintains that plaintiff's complaint is not the result of "a bureaucratic failure to process the claim" or "the apparent ineptitude at the local district office" (Pl. Br. 5); rather, it is the result of ineffective counsel. Further, the Commissioner asserts that the Court lacks jurisdiction to consider a prior application that was denied without further administrative review, and it cannot order the Commissioner to pay plaintiff for her attorney's mistakes. *See Kellum v. Comm'r of Soc. Sec.*, 295 Fed. Appx. 47, 50 (6th Cir. 2008) ("[T]he actions of a privately retained attorney are imputed to the client.").

### III. DISCUSSION

#### A. Standard of Review

While this case is postured procedurally before the Court in the form of cross-motions for summary judgment, the issue before the Court is whether the

10

Court has subject matter jurisdiction over plaintiff's claim. As the Commissioner points out, the issue of subject matter jurisdiction can be raised at any time, even in a motion for summary judgment. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Federal courts are courts of limited jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir. 2008). Notably, motions for summary judgment in social security disability proceedings are not based on Rule 56. Thus, it makes sense to analyze this issue using Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction.

As explained in *McQueary v. Colvin*, 2017 WL 63034, at *3 (W.D. Ky. Jan. 5, 2017), a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)" *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition

11

as true and construed in the light most favorable to the nonmoving party." *McQueary*, at *3 (quoting *Ritchie*, 15 F.3d at 598); *see also Cartwright*, 751 F.3d at 759 ("A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the Court takes the allegations of the complaint as true for purposes of the Rule 12(b)(1) analysis"). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *McQueary*, at *3 (quoting *Ritchie*, 15 F.3d at 598). No presumptive truthfulness applies to the factual allegations. *Id*. "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *McQueary*, at *3 (quoting *Cartwright*, 751 F.3d at 759-60). Notably, the plaintiff bears the burden of proving subject matter jurisdiction exists. *Id*. at 760.

Here, the parties present and rely on evidence outside the four corners of the complaint, and thus, the Court must examine the facts and determine whether subject matter jurisdiction does or does not exist. *McQueary*, at * 3 (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In doing so, the Court has "wide discretion to allow affidavits, documents and even a limited

12

evidentiary hearing to resolve disputed jurisdictional facts." *Id*. Thus, just as in *McQueary*, the Court here, in determining whether subject matter jurisdiction exists, will consider the all of the documents submitted.

B. <u>Analysis</u>

Where a statute creates a right and provides a special remedy, that remedy is exclusive. *McCreary*, at *4 (citing *United States v. Babcock*, 250 U.S. 328, 331 (1919) ("These general rules are well settled: (1) That the United States, when it creates rights in individuals against itself, is under no obligation to provide a remedy through the courts. (2) That where a statute creates a right and provides a special remedy, that remedy is exclusive") (internal citations omitted). As observed in *McCreary*, the Social Security Act creates a right and provides a special remedy. A federal district court's jurisdiction to review the Commissioner's decisions regarding Social Security disability benefits is governed by 42 U.S.C. §§ 405(g) and (h). *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 395 (6th Cir. 1991). Title 42 U.S.C. § 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Title 42

U.S.C. § 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

The requirement of a final decision is not waivable by the parties. *McCreary*, at *4 (citing *Willis*, 931 F.2d at 396); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). The term 'final decision' is not defined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Id*. (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The issue here is whether the Commissioner's decision to deny plaintiff's 2013 application is a "final decision" from which an appeal can be taken.

The regulations set forth a four-step process by which a claimant can exhaust his administrative remedies and obtain a judicially-reviewable final decision. *See* 20 C.F.R. § 404.900(a). First, a claimant is entitled to an initial determination of disability. *Id*.; *Willis*, 931 F.2d at 397. Second, if dissatisfied with the initial determination, the claimant may request a reconsideration of that

initial determination. *Id.* Third, if dissatisfied with the reconsideration determination, the claimant may request an evidentiary hearing before an ALJ. *Id.* Fourth, if dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the ALJ's decision. *Id.* When a claimant has completed these steps in the administrative review process, the Commissioner will have made her final decision, and the claimant may request judicial review by filing an action in the appropriate federal district court. *Id.* Simply, "for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision." *Willis*, 931 F.2d at 397.

Plaintiff here plainly did not complete all the steps in the administrative review process relating to her 2013 claim, and thus, there is no final decision from which she can properly take an appeal. This Court has no subject matter jurisdiction over a claim that was not taken through all steps of the administrative review system. *See Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981) ("[The Supreme Court in *Sanders*] noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a 'final decision of the Secretary made after a hearing.' [*Sanders*, 430 U.S.] at 108."). Moreover, the Commissioner's guidance regarding multiple claims is quite clear. SSR 11-1p disallows more than one application (of the same type) to be pending at the same time because multiple simultaneous

applications could result in "conflicting decisions." *Id*. If a claimant wants to file a new disability claim under the same title and of the same type as a disability claim pending at any level of administrative review, he or she will have to choose between pursuing his or her administrative review rights on the pending disability claim or declining to pursue further administrative review and filing a new application. *Id*. SSR 11-1p explains that if a claimant decides to pursue his or her administrative review rights on the pending disability claim, SSA will not accept any subsequent application for benefits under the same title and for the same type of benefit as the pending claim. If, on the other hand, a claimant declines to pursue further administrative review on the pending disability claim and files a new application instead, the SSA will assess the claimant's eligibility for any other benefits and take applications for these benefits. When a claimant receives an unfavorable or partially favorable decision from the SSA on a pending claim, the SSA explains the effect that not pursuing an appeal might have on a claimant's possible entitlement to benefits. *Id*. Thus, plaintiff was required to either continue pursuing her 2013 application for benefits through all four steps of the administrative review process, or abandon that claim and elect to pursue her new claim. Given that she filed a new claim in 2014 and did not pursue her 2013 claims through all four steps of the review process, plaintiff chose the latter course of action.

Plaintiff's allegations that her lawyer timely filed the adult disability report and then timely filed a motion for reconsideration do not change this result. In the first instance, there is no evidence before the Court that plaintiff timely filed either the motion for reconsideration or the adult disability report. As the Commissioner points out, the arguments of counsel are not evidence and counsel has not provided any affidavit or declaration to support his claims. Moreover, even if the Court accepted that the adult disability report was timely filed and the reconsideration request submitted, plaintiff still chose to pursue a new claim and thus, essentially forfeited her earlier claim under SSR 11-1p. This conclusion is supported by plaintiff's affirmative representation that there was no prior application when she filed her new one. (Tr. 115). Indeed, plaintiff chose to file her new application despite the agency's warning that "filing a new application is not the same as appealing this decision," and that she "might lose benefits if [she] file[s] a new application instead of filing an appeal." (Tr. 14). Under these circumstances, plaintiff has not met her burden of proving that the Court has subject matter jurisdiction over her claims and her complaint should be dismissed for lack of subject matter jurisdiction.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that defendant's motion for

17

summary judgment be **GRANTED**, and this matter be **DISMISSED** for lack of subject matter jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: February 25, 2018 | s/Stephanie Dawkins Davis<br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on, February 25, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to counsel of record.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov
